**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nashid Fuad Ibn Mateen, | No. CV-22-01508-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On September 6, 2022, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On September 6, 2023, Magistrate Judge Bachus issued a report and recommendation ("R&R") concluding that the Petition should be denied and dismissed with prejudice. (Doc. 18.) Afterward, Petitioner filed objections to the R&R (Doc. 36) and Respondents filed a response (Doc. 38).[1] For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this

---

[1] Petitioner was released from state custody around the time the R&R was issued. (Doc. 19.) However, the relief sought in this action is not limited to a release from custody—Petitioner also seeks "[r]eversal of conviction, vacatur of the plea, dismissal of all charges." (Doc. 1 at 15.) Thus, Petitioner's release does not moot his request for habeas relief. *See, e.g., Mullen v. Holbrook*, 2020 WL 8167626, *2 (W.D. Wash. 2020) ("When a federal habeas claim attacks the validity of the underlying conviction, release from confinement does not render the claim moot because an order vacating the conviction can still provide relief from the collateral consequences of the conviction.") (citations omitted); *Khatkarh v. Cal. Dep't of Corrections and Rehabilitation*, 2017 WL 3406070, *2 (E.D. Cal. 2017) ("A habeas petition becomes moot if there is no longer a case or controversy following a petitioner's release from custody. However, because 28 U.S.C. § 2254 contemplates remedies other than release from custody, the petition does not necessarily become moot when petitioner is released from physical custody prior to final adjudication of the habeas petition. Thus, as long as there are collateral consequences of the conviction, a habeas action challenging the prisoner's underlying conviction may be maintained even after a petitioner is released from custody.") (citations omitted).

action.

I. <u>Legal Standard</u>

A party may file written objections to an R&R within 14 days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same

effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II.     Relevant Background

Although the Court adopts the background details set forth in the R&R, it is helpful to provide a more targeted summary here.

This case arises from an incident on a Phoenix freeway in which Plaintiff fired seven shots at another vehicle. (Doc. 18 at 2.) During a post-arrest interview, Plaintiff claimed that he fired the shots because the driver of the other vehicle was "reaching for" something, perhaps a gun. (*Id.*) Accordingly, after Plaintiff was indicted on multiple felony charges, obtained counsel, and received a plea offer, Plaintiff was advised by his counsel—via an email sent in March 2017—that "[y]our case boils down to your word against the alleged victim's words as well [a]s what your girlfriend told the police" and that, because "[y]ou admitted to police that you fired at the vehicle [but] did so in self-defense because you believe that the alleged victim reached for something," "identification is not an issue. It's whether a jury would believe you that you reasonably acted in fear for your safety." (*Id.* at 2, 15.) About seven months later, in October 2017, Plaintiff agreed to plead guilty via a plea agreement to the crime of Drive-By Shooting, a Class 2 felony. (*Id.* at 2, 3.) Plaintiff was sentenced to a minimum term of seven years' imprisonment (Doc. 11-1 at 52-53), which was a permissible sentence under the plea agreement (Doc. 11-1 at 27-28).

In April 2018, Plaintiff filed a timely *pro se* notice of post-conviction relief ("PCR"). (Doc. 18 at 3.)

In April 2021, after appointed counsel was unable to identify any colorable claims to raise, Plaintiff filed an amended PCR petition. (*Id.*)

In October 2021, the superior court denied Plaintiff's PCR petition. (*Id.* at 4.)

In November 2021, Plaintiff filed a petition for review in the Arizona Court of Appeals. (*Id.*)

In September 2022 (before the Arizona Court of Appeals issued its decision),

Petitioner initiated this action. (Doc. 1.) As noted in the screening order, the Petition raises four grounds for relief. (Doc. 6 at 1 ["In Ground One, Petitioner asserts the State's presentation to the grand jury 'suborned perjurious testimony' and therefore violated his rights to due process and equal protection. In Grounds Two, Three, and Four, Petitioner contends he received ineffective assistance of counsel."].)

In December 2022, the Arizona Court of Appeals granted review but denied relief. (Doc. 18 at 3.)

III.   Analysis

Having reviewed *de novo* the detailed and well-reasoned R&R, as well as Petitioner's objections and Respondents' response, the Court adopts the R&R and agrees with its conclusion that the Petition should be denied and be dismissed with prejudice. *Ramos*, 65 F.4th at 433-34. The Court also more specifically addresses some of Petitioner's objections as follows:

A.   **Ground One**

Petitioner "concedes to the [R&R's] recommendation that GROUND ONE is procedurally defaulted, thus barred from review by this Court based on [his guilty plea]." (Doc. 36 at 1.) Thus, the Court adopts the R&R's undisputed analysis as to that claim.

B.   **Ground Two**

In Ground Two, Petitioner contends that his trial counsel was ineffective by failing to challenge the violations of "due process of law" and "equal protection of law" that occurred during the grand jury proceedings. (Doc. 1 at 7.) Petitioner acknowledges that he "omitted this ground from his Petition for Review" to the Arizona Court of Appeals but contends this oversight should not preclude his claim for habeas relief because (1) the omission was "unintentional[]" and a product of his "lack of legal experience" and (2) once he "realized that ground was omitted, he immediately motioned the Court of Appeals to permit supplement or amendment of his Petition for Review, . . . which was denied." (*Id.*)

The R&R rejects those arguments, concluding that Ground Two is "technically exhausted, but . . . procedurally defaulted from federal habeas review." (Doc. 18 at 12-

1    15.) Petitioner raises various objections to that analysis (Doc. 36 at 6-8), but the Court
2    disagrees with those objections for the reasons stated in the R&R and amplified by
3    Respondents (Doc. 38 at 4-7). Put simply, Ground Two is barred by Arizona's procedural
4    rules, which qualify as an adequate and independent state-law ground for denying relief,
5    *see, e.g., Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are
6    independent and adequate bases for denying relief."); Petitioner's own admissions preclude
7    him from establishing the "cause" necessary to overcome such a procedural default; and
8    Plaintiff has not made the sort of showing necessary to implicate the actual-innocence
9    doctrine.

10         C.    **Ground Three**

11         In Ground Three, Petitioner contends that his "trial counsel was ineffective by
12   failing to advise of a substantive and procedural right within the only defense, if Petitioner
13   chose to go to trial, rendering the plea involuntary and unintentionally entered." (Doc. 1
14   at 8.) In a nutshell, Plaintiff's theory is that his counsel's March 2017 email—which, as
15   discussed above, stated that Petitioner's claim of "self-defense" would "boil[] down to your
16   word against the alleged victim's words as well [a]s what your girlfriend told the police"
17   and "whether a jury would believe you that you reasonably acted in fear for your safety"—
18   was flawed because it failed to explain that, under Arizona law, the prosecution would bear
19   the ultimate burden of disproving any claim of justification. (*Id.* at 8.) During the PCR
20   proceedings, the Arizona Court of Appeals rejected this claim on the merits, concluding
21   (among other things) that (1) the email "did not misinform [Petitioner] regarding the burden
22   of proof because it did not directly address the burden of proof in a justification case" and
23   (2) Petitioner "proffered no evidence showing that he would not have pled guilty had
24   counsel informed him that the burden of disproving a justification claim lays with the
25   State." (Doc. 11-5 at 23.)

26         The R&R concludes that Ground Three lacks merit because the state court's
27   determination as to each prong of the *Strickland* ineffective-assistance standard (*i.e.*,
28   deficient performance and prejudice) was not objectively unreasonable. (Doc. 18 at 17-

19.) As for the latter prong, the R&R emphasizes the seven-month gap between when Petitioner received the email and when Petitioner chose to plead guilty. (*Id.*)

Although Petitioner raises various objections to this analysis (Doc. 36 at 12-17), the Court disagrees with those objections for the reasons stated in the R&R and amplified by Respondents (Doc. 38 at 8-9). In particular, it was not objectively unreasonable for the Arizona Court of Appeals to decline to make a finding of constitutionally deficient performance where the challenged email did even not purport to identify the relevant evidentiary burden (and, in any event, did not misstate it). *See, e.g., Carter v. Davis*, 946 F.3d 489, 502-03 (9th Cir. 2019) ("[T]he defendant must show deficient performance—that the attorney's error was so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Under *Strickland*, our inquiry is highly deferential, and we must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. . . . . Surmounting *Strickland*'s high bar is never an easy task, and establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. Our review under AEDPA is doubly deferential, as we must afford both the state court and the defense attorney the benefit of the doubt.") (cleaned up).

### D. **Ground Four**

In Ground Four, Petitioner contends that his trial counsel was ineffective "by not providing the crime scene photos to Petitioner prior to the entry of the plea, rendering the plea involuntarily and unintentionally entered." (Doc. 1 at 10.) Petitioner attempted to raise the same claim in his petition for review to the Arizona Court of Appeals, but that court declined to consider it because Petitioner failed to raise it during the superior-court proceedings: "In his PCR petition, [Petitioner] asserted that counsel 'fail[ed] to obtain the crime scene photos[.] The superior court disagreed 'because the State disclosed the photos without a motion.' On review, [Petitioner] asserts that plea counsel provided deficient representation by failing to provide *him* with photographs of the crime scene. This argument is different than the one raised in superior court, and we therefore decline to

address it." (Doc. 11-5 at 23.) Accordingly, the R&R concludes that Ground Four is procedurally defaulted and unreviewable. (Doc. 18 at 20-21.)

Although Petitioner raises various objections to this analysis (Doc. 36 at 9-11), the Court disagrees with those objections for the reasons stated in the R&R and amplified by Respondents (Doc. 38 at 7-8). As an initial matter, the Arizona Court of Appeals' forfeiture finding was factually supported. Petitioner did not argue, in this amended PCR petition filed in the superior court, that counsel engaged in ineffective assistance by failing to provide him with copies of the crime scene photos—instead, Petitioner very clearly argued that the ineffective assistance arose from counsel's purported failure to file a motion to require the State to disclose the photos. (Doc. 11-3 at 34-37 ["Ineffective Assistance of Counsel. Failure to Motion for Crime Scene Photos And Obtain A Ballistic Expert. . . . Competent counsel would have . . . promptly motioned for disclosure of the crime scene photos . . . . Petitioner was gravely prejudiced by trial counsel's failure to obtain the crime scene photos . . . ."].) This is different from the argument that Petitioner attempted to present to the Arizona Court of Appeals (and now attempts to present on habeas review). At any rate, the Arizona Court of Appeals' forfeiture finding was a state-law determination, and "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

…

…

…

…

…

…

…

…

…

…

Accordingly, **IT IS ORDERED** that:

1. Petitioner's objections to the R&R (Doc. 36) are **overruled**.

2. The R&R (Doc. 18) is **accepted**.

3. The Petition (Doc. 1) is **denied and dismissed with prejudice**.

4. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of December, 2023.

Dominic W. Lanza
United States District Judge